IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                            CRIMINAL NO. 1:96cr37-5WJG
                                                                                CIVIL ACTION NO. 1:04cv78WJG

CHRISTOPHER MONTGOMERY

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Christopher Montgomery's motion to vacate, set-aside or correct sentence [216-1] and his supplemental motion to vacate [228-1] pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On May 6, 2003, Montgomery pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. § 846. As part of his negotiated plea agreement, Montgomery waived his right to appeal the conviction/sentence or the manner in which it was imposed. In addition, he waived his right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion. On August 20, 2003, Montgomery was sentenced to 240 months imprisonment, 36 months supervised release and the $100.00 special assessment. On September 2, 2003, the Court entered its Judgment of conviction. Montgomery did not file an appeal, but on February 13, 2004, Montgomery filed the instant motion seeking to set-aside his conviction due to an involuntary plea premised on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000) and the ineffective assistance

of counsel. On January 18, 2005, Montgomery supplemented the instant motion adding *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *United States v. Booker,* 125 S. Ct. 738 (2005), as grounds for relief.

As noted above, Montgomery entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding. (Ct. R., Doc. 203, ¶ 15.) A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994). The record clearly indicates that the prosecution and the Court explained the effect of the plea agreement and its waiver to Montgomery and that Montgomery understood and voluntarily entered into the plea agreement.

Even discounting the waiver, the Fifth Circuit has expressly addressed consideration of *Apprendi*, *Blakely* and *Booker* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.* The same is true with respect to *Apprendi* and *Blakely.* In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing

>a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Simply put, *Apprendi*, *Blakely* and *Booker* are not applicable on collateral review, and Montgomery's arguments to the contrary are without merit.

Montgomery also asserts that his representation was ineffective alleging that (1) his counsel allowed the Court to use crack cocaine as a basis to calculate the sentencing guideline range, without making factual determinations as to drug type and quantity; (2) his counsel allowed the Court to use his prior convictions for enhancement purposes; and (3) his counsel allowed him to be sentenced to the increased penalties of crack cocaine, when the United States of America [United States] failed to prove that the substance was in fact crack cocaine. (Ct. R., Doc. 216.) If such arguments are the true basis of his petition, then Montgomery's voluntary waiver dispenses with this challenge as said arguments only allege ineffective assistance during sentencing. *See U.S. v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ( holding that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself).

Montgomery's traverse (reply to the United States' response), however, suggests that his real contention is that he would not have plead guilty if he had known that he could receive a sentence of 20 years imprisonment. (Ct. R., Doc. 223.) Thus, this Court looks to determine whether Montgomery was aware that he could be sentenced to 20 years imprisonment. The evidence of his knowledge is abundant.

First, the Memorandum of Understanding plainly states that the penalty that may be imposed is not more than 20 years. (Ct. R., Doc. 203, ¶ 7.) Second, the affidavit submitted by

Montgomery's counsel attests that Montgomery was told numerous times prior to his agreeing to the plea, at the time of agreeing to the plea, and prior to his sentencing that the penalty that may be imposed is not more than 20 years. (Ct. R., Doc. 221, ¶¶ 8, 11.)  Third, in his traverse, Montgomery attached as evidence of his claims a letter from his counsel to the probation officer contesting the pre-sentence report wherein the letter affirmatively stated that Montgomery "is subject to a maximum penalty of 20 years and not a base level of 38." (Ct. R., Doc. 223, attached letter, p. 2, ¶ 1.)  Fourth, the Court plainly asked Montgomery if he fully realized that the Court could sentence him to imprisonment not to exceed 20 years, to which Montgomery responded, "Yes, sir." (Ct. R., Doc. 219, p. 12.)  Finally, the record is devoid of any evidence that Montgomery was not aware or was mislead about the penalty he faced.

Montgomery clearly knew the case against him and the penalty he faced.  Montgomery has failed to present any evidence that his plea was anything but voluntary and fully informed. The Court finds that Montgomery has failed to show that his attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984).  Consequently, the Court finds that Montgomery's motions to vacate [216-1; 228-1] pursuant to 28 U.S.C. § 2255 should be denied.

Having dispensed with Montgomery's motions to vacate, the Court finds that Montgomery's motion for immediate release and/or bond [230-1] should be denied as moot. Additionally, Montgomery's motion to enforce plea agreement [234-1] is nothing more than an extension of the arguments he presents in his motions to vacate pursuant to section 2255 and could be viewed as a successive section 2255 petition.  The Court, however, will treat is as supplemental argument and deny the motion as moot.  It is therefore,

ORDERED AND ADJUDGED that Montgomery's motion to vacate [216-1] and supplemental motion to vacate [228-1] be, and are hereby, denied.  It is further,

ORDERED AND ADJUDGED that Montgomery's motion for immediate release and/or bond [230-1] be, and is hereby, denied as moot.  It is further,

ORDERED AND ADJUDGED that Montgomery's motion to enforce plea agreement [234-1] be, and is hereby, denied as moot.  It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 6th day of February, A.D., 2006.

          *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE